# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY

**RAYMOND E. HAWK,**

      Petitioner,

v.                                 Case No. 5:14-cv-26395

**JOE COAKLEY, Warden,**
**FCI Beckley,**

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed his petition, the petitioner was incarcerated at the Federal Correctional Institution at Beckley, West Virginia, serving a 108-month term of imprisonment imposed by the United States District Court for the Eastern District of Tennessee, following his conviction, pursuant to a guilty plea, on one count of conducting a racketeering enterprise, in violation of 18 U.S.C. § 1962. *United States of America v. Hawk,* No. 2:09-cr-54-001, ECF No. 669 (E.D. Tenn., Oct. 12, 2010). However, according to the Federal Bureau of Prisons (BOP) inmate locator on its website, www.bop.gov, the petitioner was released from custody on January 20, 2017.

The petitioner's section 2241 petition indicates that, on January 24, 2013, he was diagnosed by a BOP contracted optometrist with age-related, dry macular degeneration (AMD). The petitioner asserts that the National Eye Institute (NEI) and the National Institutes of Health (NIH) commissioned two studies, Age-Related Eye Disease Study 1 and 2 (AREDS and AREDS-2), that revealed that, while there is no cure for AMD, treating the condition with supplements containing vitamins C and E, beta-carotene, zinc, copper, lutein and zeaxanthin, can slow the progression of the disease. (ECF No. 1 at 4).

The petitioner contends that prison officials withheld "the AREDS-2 medications" from him for 210 days, placing his vision at risk, before advising him that he would be required to purchase the requested supplements himself through the commissary at his own expense. (*Id.* at 5). The petitioner contends that this action violated his rights under the Eighth Amendment to the United States Constitution. The petitioner seeks an Order directing the respondent to furnish the petitioner with the recommended treatment for AMD at BOP cost and to order reimbursement to the petitioner for any out of pocket expenses in acquiring the suggested supplements.

## **ANALYSIS**

There are a number of reasons for summarily dismissing the petitioner's petition.

### A. The petition does not allege a cognizable claim for habeas corpus relief.

First, a section 2241 petition is generally used to attack the manner in which a federal sentence is being executed. *See* 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief concerning issues such as parole denial, sentence computation, loss of good conduct time, the Inmate Financial Responsibility Program, placement in

residential reentry centers, or residential drug treatment programs. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). Thus, at bottom, a habeas corpus petition is designed to challenge to "the fact or duration of [a prisoner's] physical confinement," or "seek[] immediate release or a speedier release from active confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). Here, the petitioner does not seek immediate or speedier release from active confinement. Thus, his request for relief is not appropriate under 28 U.S.C. § 2241.

**B.    The petition does not allege a cognizable Eighth Amendment claim.**

The petitioner's filing can also be liberally construed to be asserting a claim of deliberate indifference to a serious medical need, which would be addressable under the Eighth Amendment to the United States Constitution in a civil rights action. Where, as here, such a claim is brought against a federal official, such as the Warden of a BOP facility, the claim is addressed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In *Bivens*, the Supreme Court created a counterpart to 42 U.S.C. § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the United States Constitution or other federal law. Because petitioner is a federal prisoner, he must pursue relief under *Bivens*, as opposed to under section 1983. A *Bivens* action is used to hold federal officers "individually liable for constitutional violations." *Starr v. Baca*, 625 F.3d 1202 (9th Cir. 2011).

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990); s*ee also, Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (Negligence is not sufficient to demonstrate deliberate indifference to a serious medical need and, thus, does not constitute a cognizable constitutional claim).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As further noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

The petitioner has only named Joe Coakley, then Warden of FCI Beckley, as a potential defendant. It is well-settled that supervisory prison officials may rely on the professional judgment of trained medical personnel. *See Miltier, supra,* 896 F.2d at 854; *Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995). Moreover, a plaintiff cannot establish a claim of deliberate indifference against non-medical prison personnel, such as Warden Coakley, unless he can demonstrate that the official was personally involved in the treatment or denial of treatment, or deliberately interfered with the treatment, or that they tacitly authorized the medical provider's misconduct. *Miltier*, 896 F.2d at 853. The instant petition does not allege that Warden Coakley treated the petitioner himself, or was in any way personally involved in the decisions concerning the appropriate treatment for his AMD. As a non-medical supervisor, Warden Coakley was entitled to rely upon the judgment of the medical providers.

Furthermore, a review of the documentation attached to the petition indicates that prison medical personnel inquired of the contracted optometrist about the suggested treatment and were advised that the suggested supplements were recommended, not required, and the recommended supplements were made available to the petitioner through the commissary. (ECF No. 1, Attach. 1 at 17-18). Thus, it appears that, at most, the petitioner has asserted a difference of opinion as to what treatment was medically necessary, which does not rise to the level of an Eighth Amendment claim.

**C.    The petitioner's claims for habeas corpus and injunctive relief are moot in light of his release from custody.**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2;

*Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, the petitioner was released on January 20, 2017; thus, even if this matter was addressable in habeas corpus, this federal court is no longer able to grant habeas corpus relief for the petitioner against the respondent.

Similarly, to the extent that the petitioner's petition could be considered a request for injunctive relief requiring the Bureau of Prisons to provide him medical treatment, his claim was mooted by his release from custody. "[T]he transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 602499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's petition is now moot in light of his release from custody.

# **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address.

December 15, 2017

Dwane L. Tinsley
United States Magistrate Judge